UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL A. LOPEZ, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

                        CASE NO.: 0:18-cv-61844-WPD

PROGRESSIVE SELECT
INSURANCE CO.,

    Defendant.

## ORDER ON MOTION TO DISMISS AND COMPEL ARBITRATION

THIS CAUSE is before the Court on Defendant's Motion to Dismiss and to Compel Appraisal [DE 25] (the "Motion") and Magistrate Judge Lurana S. Snow's March 15, 2019 Report and Recommendation [DE 42] (the "Report"). The Court has carefully considered the Motion, the Report, Plaintiff's Objections [DE 43], and is otherwise fully advised in the premises.

In the Report, Judge Snow finds that the Motion should be denied because appraisal is not warranted, but finds that Count I of Plaintiff's Amended Complaint should be dismissed for lack of standing. The Court agrees that the claims in this action are not subject to appraisal, but does not adopt Judge Snow's conclusion that Count I should be dismissed for lack of standing.

**I. BACKGROUND**

Plaintiff filed this putative class action in state court on June 28, 2018, seeking relief on behalf of a class of insureds whose vehicles had been declared a total loss by Defendant. This action was removed on August 8, 2018. *See* [DE 1]. Defendant asserted that federal jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). The operative complaint is the Amended Complaint [DE 18] filed on September 26, 2018 (the "AC"). The AC

1

states the following claims: Count I for Declaratory judgment; and Count II for Breach of Contract. [DE 18].

In Count I, Plaintiff seeks a declaration that Defendant's use of a particular model to calculate the "actual cash value" owed to class members was a violation of Florida law. Plaintiff argues that the model used, the Mitchell WorkCenter Total Loss valuation method (the "Mitchell Method"), was invalid for determining the actual cash value of the totaled vehicle because it violates the terms of the insurance policy (the "Policy") and violates Fla. Stat. § 626.9743. In Count II, Plaintiff asserts that Defendant misinterpreted the Policy by requiring class members to transfer title to their total loss vehicles without compensating them for the salvage value.

Plaintiff defines the class as falling into two categories: the "Mitchell Valuation Method Class;" and the "Takings Class." Each class is defined as including insureds who, during the five years prior to the filing of this action, submitted a claim for payment under their automobile insurance coverage as to a vehicle covered by Defendant's insurance policies. The Mitchell Valuation Method Class includes insureds whose vehicle was declared a total loss and Defendant paid "actual cash value" as determined by the Mitchell Method. The Takings Class includes insureds who were paid "actual cash value" and were required to surrender their vehicle without being paid the salvage value of the vehicle.

Defendant filed the instant Motion to Dismiss and Compel Appraisal, arguing that Plaintiff's claims are subject to a mandatory appraisal process, which Motion was referred to Judge Snow for Report and Recommendation.

## II.   OTHER CASES PENDING IN THIS DISTRICT

The Court notes that there are two cases pending in this District filed by Plaintiff's counsel against other insurance companies with some similar theories and allegations as those present in

this action. *See* [DE 45] *Bloomgarden v. Allstate*, No. 18-cv-62059-DPG (S.D. Fla. March 15, 2019).; [DE 29] *Bettor v. Esurance*, No. 18-cv-61860-FAM (S.D. Fla. March 28, 2019). Motions to compel appraisal were also filed in those cases, and Magistrate Judge Barry S. Seltzer found that appraisal was warranted. The undersigned notes that those cases are similar and dissimilar in important ways.[1]

In *Bloomgarden*, Plaintiff argues that the "CCC Method" used by Allstate is not a "generally recognized motor vehicle industry source" and that Allstate forced Plaintiff Bloomgarden to transfer title to his total loss vehicle without payment for the salvage value. *See* [DE 45] *Bloomgarden*, No. 18-cv-62059-DPG. A key difference is that, in *Bloomgarden*, Plaintiff conceded that the insurer's ability to invoke appraisal was not barred by the doctrine of waiver. *Id.* In the case before the undersigned, the parties did not agree on that issue, and Judge Snow suggested that Defendant may have waived the ability to seek appraisal. Judge Seltzer found that the breach of contract claim related to failure to pay salvage value was not viable and recommended dismissal with prejudice; that issue is not before the Court in the instant action

In *Bettor*, Judge Seltzer similarly recommended that the case be sent to appraisal, but unlike the instant action, Bettor's insurer, Esurance, had an across-the-board $945 deduction from the value of the vehicle paid to the insured. *See* [DE 29] *Bettor*, 18-cv-61860-FAM. Judge Seltzer found that "this litigation is not about coverage, but about the amount of money owed to Bettor following an unsatisfactory claim adjustment." *See id.* at p. 7. Here, there was no across-the-board "unsatisfactory claim adjustment" in the form of a standardized deduction from the amount paid to the insured.

---

[1] The Court denied Plaintiff's Motion to Transfer and Consolidate. *See* [DE 44].

The undersigned reviewed the Report and Recommendation in all three cases, analyzed similarities and differences among the cases, and found that appraisal is not warranted in this action for the reasons set forth in Judge Snow's Report.

## III. DISCUSSION

In addition to seeking appraisal, Defendant seeks dismissal of this action under Rule 12(b)(6), Fed. R. Civ. P., stating that the Policy requires "full compliance" with all terms and Plaintiff has refused to comply with Defendant's October 2018 demand to engage in the appraisal process as set forth in the Policy. Plaintiff argues that the appraisal process does not apply because this is an issue of interpretation for the Court, not a dispute about the amount paid to the insured under the Policy. Plaintiff argues that all conditions precedent to filing this action "have been performed, have occurred, or have been waived." [DE 18 at 14]. Judge Snow determined that the claims are not subject to the appraisal process; the Court agrees. Judge Snow also recommended that Count I be dismissed for lack of standing; on this point, the Court finds that Plaintiff has included adequate allegations to support Article III standing.

### A. Appraisal is not Appropriate in this Case

The Court finds that appraisal is not appropriate in this case because this is not merely an issue of the amount of money paid to the insureds. Instead, there are issues of interpretation for the Court, including whether use of the Mitchell Method was a violation of the Policy and Florida law, and whether Defendant was required to pay the insureds the salvage value of their vehicles under the terms of the Policy. Alternatively, unlike *Bloomgarden*, where Judge Seltzer recommended that the case be sent to appraisal, the parties in this case have not conceded that waiver does not apply. *See* [DE 45] *Bloomgarden*, No. 18-cv-62059-DPG. Here, Judge Snow suggested that waiver may be an issue. *See* [DE 42 at pp. 19-20]. ("The Court finds that

Defendant's conduct of litigation prior to seeking appraisal was inconsistent with, and arguably constitutes waiver of, the right to appraisal under the terms of the insurance contract.").

Interpretation of insurance contracts is a question of law. *Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1219 (11th Cir. 2015); *Coleman v. Fla. Ins. Guar. Ass'n*, 517 So.2d 686 (Fla. 1988). Under Florida law, insurance contracts are construed according to their "plain meaning," *Taurus Holdings, Inc. v. U.S. Fid. and Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005), as understood by the "average person," *Berkshire Life Ins. Co. v. Adelberg*, 698 So. 2d 828, 830 (Fla. 1997).

In construing insurance contracts, courts should read the contract, or policy, as a whole, "endeavoring to give every provision its full meaning and operative effect." *Auto-Owners Ins. Co. v. Anderson*, 756 So.2d 29, 34 (Fla. 2000). When the language of the insurance contract is plain and unambiguous, i.e., the terms are susceptible to only one reasonable interpretation, the contract will be enforced as written. *Taurus Holdings, Inc.*, 913 So.2d at 532. If a term of the contract is ambiguous, e.g., is susceptible to two or more meanings, that ambiguity is "interpreted liberally in favor of the insured and strictly against the insurer who prepared the policy." *Prudential Prop. & Cas. Ins. Co. v. Swindal*, 622 So.2d 467 (Fla. 1993). Despite these principles of construction favoring the insured, "courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *Intervest Const. of Jax, Inc. v. General Fidelity Ins. Co.*, 133 So.3d 494, 497 (Fla. 2014) (internal quotations and citations omitted).

Plaintiff's declaratory judgment claim alleges a violation of Fla. Stat. § 626.9743, which provides that the retail cost of a total loss vehicle may be determined by "a generally recognized motor vehicle industry source[.]" Fla. Stat. § 626.9743. Plaintiff's principal argument, one that is

similar to two other cases filed against insurance companies by Plaintiff's counsel in this district, argues that the insurer's use of the Mitchell Method violated Florida law because it was not a "generally recognized used motor vehicle industry source[.]" *See id.*

The Court is persuaded by Judge Snow's analysis that

> although Defendant has demanded that the Plaintiff submit to the appraisal process as to the claim for the salvage value, Defendant maintains that payment of the salvage value is not required under the policy, at least not in addition to the actual cash value that Defendant already paid. . . . The Court questions what would be the effect of sending the issue to appraisal only to have Defendant later maintain that the policy does not provide for salvage and, accordingly, there is no dispute as to the amount of salvage owed.

[DE 42 at 18]. The Court agrees with Judge Snow that the present dispute "presents a similarly 'monumental' coverage question, as to whether the Defendant was required to pay for the salvage value of a total loss vehicle, and that question is appropriately before the Court and not the appraiser(s)." *Id.*

Also, the Court is concerned that the doctrine of waiver could bar Defendant's ability to pursue appraisal. Defendant actively participated in the litigation, challenging Plaintiff's claims on the merits. A party's contractual right "may be waived by actually participating in a lawsuit or taking action inconsistent with that right." *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So.2d 707, 711 (Fla.2005). The contractual right to seek appraisal present within the Policy can be waived by the conduct of actively participating in a lawsuit or engaging in conduct inconsistent with the right to appraisal. *See Fla. Ins. Guaranty v. Reynolds,* 148 So. 3d 840, 841 (Fla. 5th DCA 2014); *see also R.W. Roberts Const. Co., Inc. v. Masters & Co., Inc.,* 403 So.2d 1114 (Fla. 5th DCA 1981); *Fla. Ins. Guaranty Ass'n v. Waters*, 157 So. 3d 437, 440 (Fla. 2d DCA 2015) (citations omitted).

Since this case presents issues of coverage under the Policy, and issues of interpretation of Florida law, appraisal is not appropriate. This is not merely a dispute about the *amount* paid to the insured, which would be a matter for an appraiser. Instead, there are issues of statutory and contract interpretation to be handled by the Court. Additionally, appraisal is inappropriate because Defendant has arguably waived the right to seek appraisal by filing a joint scheduling report, engaging in discovery, and generally participating in this action on the merits for months before requesting appraisal. *See Transamerica Ins. Co. v.* Weed, 420 So. 2d 370, 372 (Fla. 1st DCA 1982)(appraisal was waived where the parties engaged in discovery, agreed to setting the case for trial, and participated in the litigation for nearly four months.). Therefore, the Motion to Dismiss and to Compel Appraisal is denied.

### B. There is Article III Standing on Count I for Declaratory Relief

The Report recommends dismissal of Count I for declaratory relief, finding that Plaintiff lacks Article III standing for failure to allege sufficient threat of future injury. The undersigned does not adopt this conclusion. At this juncture, Plaintiff's allegations are sufficient that harm to class members, generally, "is ongoing and will continue and will injure Plaintiff and class members in the future." [DE 18 at ¶ 67].

Standing to bring a declaratory judgment claim depends on a reasonable expectation that injury suffered in the past "will continue or be repeated in the future." *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999). Where, as here, a plaintiff seeks declaratory relief, "the injury-in-fact requirement insists that a plaintiff allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *See Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014). "Based on the facts alleged, there

must be a substantial continuing controversy between two adverse parties." *Malowney*, 193 F.3d 1342, 1347.

Plaintiff relies on *A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, No. 16-CV-62610, 2017 WL 35519 (S.D. Fla. Jan. 3, 2017). In *Gerber*, the plaintiff brought a class action for declaratory relief against defendant-insurer alleging that defendant routinely misinterpreted the insurance policy and underpaid the class of insureds. *Id.* In *Gerber*, the Court found sufficient allegations of future injury to support Article III standing. The Court found that the harm suffered by the class was easily-repeatable. *Id.* at *4. The allegations of harm were not dependent on the factual circumstances specific to any one class member. *Id.* Additionally, the misinterpretation of the policy was ongoing as the insurer had not changed its practices. *Id.*

Here, the undersigned is persuaded that the injury is not too remote or abstract, and though the harm to individual plaintiffs appears to have occurred in the past, this harm is easily-repeatable, not dependent on the circumstances specific to any individual class member, and likely to continue given the Defendant insurer continues to interpret and apply the Policy in a way that Plaintiff argues is a violation of Florida law and the terms of the Policy. Therefore, the Court finds that Plaintiff has included adequate allegations to support Article III standing.

Accordingly, it is **ORDERED AND ADJUDGED** that the Report [DE 42] is **ADOPTED, in part**. The Motion [DE 25] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of March, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

8

Copies furnished to:

Counsel of record