UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61844-CIV-DIMITROULEAS/SNOW

MICHAEL A. LOPEZ, on behalf of himself
and all others similarly situated,

       Plaintiff,

v.

PROGRESSIVE SELECT INSURANCE CO.,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Motion to Intervene for Purpose of Serving

as Class Representative, filed by Jonathan Morgan (ECF No. 125), and the Motion to Withdraw as

Counsel for Michael Lopez (ECF No. 126), both which were referred to Magistrate Judge Lurana

S. Snow by the Honorable William P. Dimitrouleas, United States District Judge. (ECF No. 127) The

Court held an evidentiary hearing on these motions on January 8, 2020.


## I. BACKGROUND

Plaintiff filed this putative class action in state court on June 28, 2018, on behalf of

the Defendant's insureds whose vehicles had been declared a total loss by Defendant. The Defendant

removed the action, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1453; specifically,

Defendant asserted that federal jurisdiction exists under the Class Action Fairness Act, 28 U.S.C.§

1332(d) (CAFA).

According to the Amended Complaint, the Defendant "routinely misinterpreted the

Policy by requiring Plaintiff and each class member to transfer ownership of their total loss vehicles,

without compensating Plaintiff and class members for the salvage values of those vehicles in consideration for the transfers to Defendant." Amended Complaint (ECF No. 18), at ¶ 4.[1] The Plaintiff describes the putative class as the "Takings Class," defined as including insureds who, during the five years prior to the filing of this case and "until the day the Court decides class certification," submitted a claim for payment under their comprehensive or collision insurance coverage as to a vehicle covered by Defendant's insurance policies. Id., at ¶ 70.[2] The Takings Class includes those insureds for whom Defendant settled the claim by paying actual cash value and also required the insured to arrange for transfer of ownership of the vehicle to Defendant, "without additionally compensating the insured the agreed or appraised value for the vehicle as salvage." Id.

On October 7, 2019, the parties completed briefing the Plaintiff's Motion for Class Certification (ECF No. 72), which remains pending. Discovery concluded on November 1, 2019, and the parties completed briefing their motions for summary judgment (ECF Nos. 92, 94) on November 27, 2019.[3] The case was scheduled for the trial period commencing January 27, 2020, but the Court recently continued all deadlines and directed the parties to present an amended scheduling order after the Court rules on the Motion to Intervene and Motion to Withdraw as Counsel. Order entered

---

[1]The Plaintiff's claim for declaratory relief as to the Defendant's alleged violation of Fla. Stat. § 626.9743 (by using the Mitchell WorkCenter Total Loss valuation method instead of a method specified in the statute) was severed and remanded to state court. Amended Order, entered May 14, 2019 (ECF No. 56). The Plaintiff dismissed that state court action on September 3, 2019 (ECF No. 131-2), and that dismissal rendered moot an appeal filed by the Defendant, which then voluntarily dismissed its appeal (ECF No. 83).

[2]The Plaintiff distinguished the Takings Class from the "Mitchell Valuation Method Class," Am. Compl. (ECF No. 18, at §70), which was related to the allegations in Count I; as noted above, Count I is no longer before the Court.

[3]The Plaintiff's motion (ECF No. 94) is for partial summary judgment.

December 26, 2019 (ECF No. 132).

## II. DISCUSSION

### A. Motion to Intervene

Jonathan Morgan seeks to intervene to serve as Class Representative. Mr. Morgan claims that he was assigned a claim by his wife (Alicia Morgan), who was insured by the Defendant and was in an accident in November 2016 that rendered her 2009 BMW automobile a total loss. Mr. Morgan asserts that he filed his wife's claim with the Defendant, and when it was processed the Defendant took title to the vehicle without paying for a salvage value. According to Mr. Morgan's Motion to Intervene, he "just recently became aware of this lawsuit, and the fact that the Defendant has challenged the adequacy of [Mr. Lopez] to serve as a class representative." Motion to Intervene (ECF No. 125), at 5. Specifically, Mr. Morgan reports that his wife assigned her claim to him on December 13, 2019, and he learned of this lawsuit just "days before" she assigned the claim. Declaration of Jonathan Morgan (ECF No. 135-2).

Mr. Morgan attests that he is "willing and able to provide full discovery to Progressive so that it may assess his adequacy to serve as a class representative, including sitting for a deposition." He also "adopts" the operative complaint here, the First Amended Complaint (ECF No. 18).

The Defendant argues that it will be prejudiced because it will require additional time to complete discovery as to Mr. Morgan's claim that was purportedly assigned to him by his wife. Specifically, the Defendant claims to need "more than two additional months" for discovery, Response (ECF No. 134), at n.9, and to rebrief the question of class certification. The Defendant argues that the proper procedure would be for Mr. Morgan to file his own new lawsuit.

According to Rule 24, Federal Rules of Civil Procedure, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Court also may permit someone to intervene with "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

A proposed intervenor in a class action who argues that the current proposed representative plaintiff may be inadequate to represent that proposed intervenor's interest has a minimal burden. As noted by Judge Cohn, in Ruderman ex rel. Schwartz v. Washington Nat. Ins. Co., 263 F.R.D. 670, 677 (S.D. Fla. 2010), "the mere existence of colorable adequacy issues satisfies Proposed Intervenors' minimal burden to show that representation of their interests 'may be' inadequate." The Court finds that Mr. Morgan has met his minimal burden of demonstrating that Mr. Lopez may be inadequate to represent Mr. Morgan's interest.[4]

The Court also must determine if Mr. Morgan's application is timely, and does so by considering the following factors:

1. Length of time proposed intervenor knew or reasonably should have known of his interest in the case before moving to intervene.

2. Extent of prejudice to the existing parties as a result of the failure to move

---

[4]The Court notes that Mr. Morgan's reliance on Birmingham Steel Corp. v. Tenn. Valley Auth., 353 F.3d 1331 (11th Cir. 2003), which vacated a district court's decision to *decertify* a class and remanded the case for the district court to allow time for the class to find a new class representative, may be misplaced. The Eleventh Circuit has explained that "central to" its decision in the Birmingham Steel case was the fact that the class already had been certified, because "once certified, a class acquires a legal status separate from that of the named plaintiffs." Bailey v. Cumberland Cas. & Sur. Co., 180 F. App'x 862, 865 (11th Cir. 2006).

for intervention as soon as he knew or reasonably should have known of his interest.

3. Extent of prejudice to the proposed intervenor if the motion to intervene is denied.

4. Existence of unusual circumstances militating either for or against a determination that the motion to intervene was timely.

Georgia v. U.S. Army Corps of Engineers, 302 F.3d 1242, 1259 (11th Cir. 2002). In Florida Pediatric Soc. v. Benson, No. 05-23047, 2008 WL 4072605 (S.D. Fla. Aug. 28, 2008), then-District Judge Jordan adopted a Magistrate Judge's recommendation that persons who proposed intervention on the same day that other persons were allowed to withdraw as class representatives, which was four months after defendants had first challenged the sufficiency of the proposed class representation, had timely sought intervention.[5] Judge Cohn, in Ruderman, found that the prejudice to a defendant, if any, would be minimal by allowing three people to intervene when they sought intervention eight months after a complaint was filed, even though an enlargement of the discovery deadline and a short continuance of trial was required. "The factual allegations that underlie Proposed Intervenors' claims are, presumably, substantially the same as those of the Plaintiffs." 263 F.R.D. at 677-78.

In this case, Mr. Morgan's Motion to Intervene was filed on December 17, 2019, which is ten weeks after the Motion for Class Certification was fully briefed (October 7, 2019), and three weeks after the motions for summary judgment were fully briefed (November 27, 2019). There is no evidence to contradict Mr. Morgan's declaration that he learned of this action just "days before" his wife assigned her claim to him (on December 13, 2019). The Court finds that Mr. Morgan's request to intervene, which was filed just days after he received the assignment of his wife's claim,

---

[5]Judge Jordan disagreed as to one person, whom class counsel conceded had been considered much earlier as a possible class representative and had not sought to intervene earlier.

which was "days before" he learned of this action, is timely.

As to the remaining two factors of Rule 24(a), whether the intervenor has an interest in the action, and whether disposition of the action might impair the intervenor's interests if he is not permitted to intervene, the Court also finds that Mr. Morgan has carried his burden. Mr. Morgan clearly has an interest in the action, by the assignment he received from his wife.[6] As to the question of whether Mr. Morgan's interests will be impaired, "the potential *stare decisis* effect may supply that practical disadvantage which warrants intervention as of right." Ruderman, at 678, quoting Chiles v. Thornburgh, 865 F.2d 1197, 1214 (11th Cir. 1989).

Mr. Morgan argues that his interests will be impaired based on the recently discovered potential conflict presented by the currently proposed class representative, Michael Lopez. After a recent mediation attempt, Plaintiff Michael Lopez developed a conflict of interest with respect to his representation of the putative class and his counsel have sought to withdraw from representing him in this action. Motion to Withdraw, Dec. 18, 2019 (ECF No. 126).[7] Mr. Morgan's Motion to Intervene, which was filed by the same attorneys currently representing Mr. Lopez, was filed one day prior to the filing of the Motion to Withdraw. As it appears that if Mr. Morgan is not permitted to

---

[6]The Court has not been asked to determine whether the assignment was valid, and the Defendant has indicated that it will address that issue at a later time.

[7]Mr. Lopez's conflict appears to be that he is interested in settling directly with the Defendant. Current counsel for Mr. Lopez argue that the Defendant attempted to "pick-off" Mr. Lopez by offering him an "individual settlement amount that has no relationship to his claimed damages in this matter." Reply re: Mot to Withdraw (ECF No. 133), at 2. The parties were ordered (ECF No. 27) to complete mediation no later than 60 days prior to the start of the two-week trial period (which at that time was scheduled for January 27, 2020). On December 6, 2019, the Court entered an Order to Show Cause reminding the parties of their obligation to attend mediation. (ECF No. 119) According to the Report of the Mediator filed later that same date, the mediation took place on December 3, 2019, and was "adjourned for further discussion." (ECF No. 120) The Court makes no finding as to the propriety of the Defendant's settlement offer.

intervene and pursue class representation status, this action might be subject to dismissal as a class action, the Court finds that Mr. Morgan's interests might be impaired if his request to intervene is not granted. For the reasons discussed above, the Court finds that Mr. Morgan has met the relatively light burden of demonstrating that he should be permitted to intervene pursuant to Rule 24(b)(1)(B).

**B. Motion to withdraw as counsel for Michael Lopez**

The attorneys for the proposed Plaintiff class, and two attorneys who were representing only Mr. Lopez, seek to withdraw from representing the previously proposed Class Representative, Michael Lopez. The Defendant does not oppose the withdrawal, but "objects to counsel's additional requested relief, which seeks to secure [the counsel's] role as class counsel even after they withdraw from representing Lopez." Response (ECF No. 129), at 1. The Defendant argues that the Court should require Mr. Lopez to dismiss his pending Motion for Class Certification, without prejudice, and require Mr. Lopez to show cause as to whether he intends to pursue his individual claims, and then any proposed intervenor can file a new class action.

The proposed Plaintiff's class counsel argue that the Defendant's approach would be unfair to putative class members whose claims would be time-barred when a new action is filed. According to the Plaintiff's counsel, the five year statute of limitations for breach of contract claims means that the class period would be reduced by approximately 17 months (this case was originally filed in June 2018), which would reduce the Defendant's exposure by $50 million (approx. 28% of the class damages, representing "thousands of members of the proposed class," Reply (ECF No. 135), n. 3, would be eliminated).

The Court has considered the arguments of counsel and finds that withdrawal is appropriate. The Court will not require Mr. Lopez to dismiss his pending Motion for Class

7

Certification at this time, but it appears unlikely that Mr. Lopez could succeed in being named a Class Representative in light of his changed circumstances. Nor will the Court require Mr. Lopez to show cause where he intends to pursue his individual claim at this time, as the question is not properly before this Court at present.

### III. CONCLUSION

For the reasons stated above, it is

RECOMMENDED that the Motion to Intervene for Purpose of Serving as Class Representative, filed by Jonathan Morgan (ECF No. 125) be GRANTED. Further, it is RECOMMENDED that the Motion to Withdraw as Counsel for Michael Lopez (ECF No. 126) be GRANTED.

Plaintiff shall have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by the Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE and SUBMITTED at Fort Lauderdale, Florida this 16th day of January, 2020.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
 Counsel of record

8