UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-cv-61844-WPD

MICHAEL A. LOPEZ, on behalf of
himself and all others similarly situated,

Plaintiff,

v.

PROGRESSIVE SELECT
INSURANCE CO.,

Defendant.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court on the Motion to Intervene for Purpose of Serving as Class Representative, filed by Jonathan Morgan [DE 125] (the "Motion"), the Motion to Withdraw as Counsel for Michael Lopez [DE 126] and the Report and Recommendation of Magistrate Judge Lurana S. Snow (the "Report") [DE 138], dated January 17, 2020. The Court has conducted a *de novo* review of the Report [DE 138], Defendant Progressive Select Insurance Co.'s Objections to Report and Recommendation [DE 139], the Response [DE 141], and Reply [DE 142] thereto and the record herein. An evidentiary hearing was held on January 8, 2020 before Judge Snow. *See* [DE's 137, 140]. The Court is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff brings this putative class action on behalf of Defendant Progressive Select Insurance Company's ("Defendant", "Progressive") insureds whose vehicles have been declared a total loss. Plaintiff's amended complaint alleges Defendant effectively required insureds to transfer

the value of their total loss vehicle when settling a claim under Defendant's comprehensive of collision insurance coverage. The putative class is described as…

On August 8, 2018 this case was removed to federal court under the class action fairness act. [DE 1]. Briefing on Plaintiff's Motion for Class Certification concluded on October 7, 2019. [DE 87]. On December 17, 2019 Jonathan Morgan, a proposed intervenor, filed a Motion to Intervene for the Purpose of Serving as Class Representative [DE 125] ("Motion to Intervene"), and on December 18, 2019 Plaintiff's counsel filed a Motion to Withdraw as Counsel for Michael A. Lopez [DE 126] ("Motion to Withdraw"). Both motions were referred to United States Magistrate Judge Lurana Snow for a report and recommendation. [DE 127]. Magistrate Judge Snow held a hearing on the two motions on January 8, 2020. [DE 137].

Proposed Intervenor Jonathan Morgan ("Morgan") is a member of the proposed class in this case based on an assignment of claim from the total loss of his wife's automobile. [DE 125] at 1. Morgan seeks to stand in as class representative to protect his interest and the interests of the proposed class. *Id.* at 5. Defendant argues that it will be prejudiced by further delays in the adjudication of this case and that the proper procedure is for Morgan to file his own new lawsuit.

In addition, counsel for the proposed Plaintiff class and two attorneys who were representing only Plaintiff Michael A. Lopez ("Lopez") seek to withdraw from representing Lopez, the previously proposed class representative. *See* [DE 126] at 2. Defendant does not object to the attorneys' Motion to Withdraw but argues that counsel should not be permitted to remain as class counsel.

### II. LEGAL STANDARD

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the

portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections.

### III.  DISCUSSION

Magistrate Judge Snow recommends that the Motion to Intervene for the Purpose of Serving as Class Representative be granted and that the Motion to Withdraw as Counsel for Michael Lopez be granted. Magistrate Judge Snow found that Morgan's request to intervene was timely as there was no evidence to contradict his declaration that he learned of the action just days before his wife assigned her claim to him on December 13, 2019. As the Motion was found to be timely filed, Magistrate Judge Snow reasoned that intervention was valid under both Federal Rule of Civil Procedure 24(a), intervention of right and Rule 24(b)(1)(B), permissive intervention. The Report and Recommendation does not address whether Lopez must dismiss his pending Motion for Class Certification but stated that "it appears unlikely that Mr. Lopez could succeed in being named a Class Representative in light of his change circumstances."

Defendant objects to the Report's finding that intervention should be permitted in this case. Defendant contends that in the present case no class has been certified and no class will be certified because the sole Plaintiff, Lopez, has disclaimed any interest in pursuing class certification. Therefore, Defendant argues, nothing in this case would impair Morgan's ability to bring his own lawsuit. Further, Defendant argues that the Report overlooks the prejudice Defendant may be subject to if the Motion to Intervene is granted. Defendant alleges that it would be inherently prejudicial to Progressive to have to defend itself against Morgan's new claims within the context of this case. Lastly, Defendant argues it has not had proper notice of Morgan's claims and is uncertain what procedural course the case would take if the Motion to Intervene is granted.

Having carefully considered Defendant's Objections, the Response to Defendant's Objections, Defendant's Reply, and having reviewed the arguments, case law, and evidence presented, the Court overrules the Objections.  The Court agrees with the analysis and conclusions set forth in Magistrate Judge Snow's well-reasoned Report.

Generally, "Eleventh Circuit precedent favors allowing new and proper class representatives to enter a case to ensure the putative class members' interests are protected." *See Martorella v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2006-1*, No. 12-80372-CIV, 2014 WL 12779556, at *2 (S.D. Fla. Sept. 18, 2014)(citing *Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985)). In *Cotterall v. Paul*, "the trial court refused to certify a class because there was not an adequate representative but refused to permit potentially adequate representatives to intervene because a class had not been certified." *See* 755 F.2d 777, 781 (11th Cir. 1985). The Eleventh Circuit held that such a refusal was an error. *See id.*

Defendant argues that the Report erroneously found that disposition of the action might impair the Morgan's interests if he is not permitted to intervene because, according to Defendant, this case could not be dismissed as a class action. This objection is not persuasive. As Lopez has stated that he no longer intends to represent the proposed class's interests and prefers to settle his individual claim, it is clear he can no longer adequately represent the interests of the proposed class. *See, e.g. Eckert v. Equitable Life Assurance Soc'y of U.S.*, 227 F.R.D. 60, 64 (E.D.N.Y. 2005). Practically, class action procedure provides a mechanism through which claimants can aggregate claims such that filing a suit for damages is economically feasible. As the United States Supreme Court has acknowledged, "[t]he use of the class-action procedure for litigation of individual claims may offer substantial advantages for named plaintiffs;" further, "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device." *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980).

Regardless, the Proposed Intervenor is permitted to intervene under Rule 24(b)(1)(B) which allows the court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In order to permit Morgan to intervene under Rule 24(b) the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. P. 24(b)(3). Here, Defendant argues that it would be prejudiced by having to delay the case and forcing Progressive to litigate Morgan's claim in the context of Lopez's case. Defendant argues that Morgan's claims are based on entirely different allegations than Lopez's claims. In addition, Defendant raises the possibility that requiring Morgan to file a new, separate lawsuit would

reduce Defendant's potential liability by $50 million dollars due to the application of the statute of limitations. Morgan's claims, as described in his Motion to Intervene, attempt to adopt the operative complaint, and Declaration [135-2], are substantially similar to Lopez's claims. Permitting Morgan to intervene rather than forcing him to file a new lawsuit will not prejudice Defendant and will serve the interest of judicial economy.

Finally, Morgan's failure to attach his own pleading to the Motion to Intervene does not require denial of Morgan's Motion. Based on Morgan's attempt to adopt Mr. Lopez's complaint and the content of the Motion to Intervene, Defendant has had sufficient notice of Morgan's claims for purposes of the Motion to Intervene. The Court, however, is not persuaded that Morgan can merely adopt Lopez's complaint without amendment regardless of how similar the two claims may be. As such the Court will require Morgan to file in the record an amended complaint setting forth for his claim. It seems to the Court that amending the pleading attached to Morgan's Motion to Intervene to apply to Morgan's allegations would require minimal alteration, and consequently, the Court will expect Morgan's amended complaint and Defendant's answer to be filed on an expedited basis, set forth below.

With regard to Lopez's Motion for Class Certification, Lopez states in his Declaration of Michael Lopez in Support of Plaintiff's Counsel Motion to Withdraw as Counsel and in Support of Motion for Intervention that he "continue[s] to believe that it is not in [his] personal best interests to remain a class representative, and [he] asked to have that designation removed and consented to [his] attorneys withdrawing as [his] counsel." [DE 135-1] at 2. As such, the Court will strike Plaintiff Lopez's Motion for Class Certification as moot.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 138] is hereby **APPROVED**;

2. The Objections [DE 139] are **OVERRULED**;

3. The Motion to Intervene for Purpose of Serving as Class Representative, filed by Jonathan Morgan [DE 125] is **GRANTED**.

4. The Motion and Memorandum in Support of Class Certification [DE 72], Defendant Progressive Select Insurance Company's Opposition to Plaintiff's Motion for Class Certification [DE 86], the Reply [DE 87] are **STRICKEN** as moot.

5. Defendant Progressive Select Insurance Company's Motion for Summary Judgment [DE 92] and Plaintiff Lopez's Motion for Partial Summary Judgment [DE 94] are **DENIED** without prejudice to refile.

6. Plaintiff Lopez shall file a status report specifying whether he intends to continue pursuing his individual claims on or before **April 27, 2020**. Prior Counsel for Plaintiff Lopez is **DIRECTED** to provide a copy of this Order to Plaintiff Lopez on or before **April 13, 2020**, and file notice with the Court of doing so.

7. The following deadlines are **SET** in this case:

   a. Plaintiff Morgan shall file an Amended Complaint on or before **April 13, 2020**. That amended complaint will relate back to the date the original complaint was filed on June 28, 2018.

   b. Defendant shall file an Answer to Plaintiff Morgan's Amended Complaint on or before **April 20, 2020**.

   c. Discovery as to Intervenor Plaintiff Morgan's claims shall be permitted on or before **May 20, 2020**.

      d.  Any Motion for Class Certification shall be filed on or before **May 20, 2020**.

      e.  Any substantive motions, including motions for summary judgment, shall be filed on or before **June 3, 2020**.

8.  This case is **RESET** for trial on the two-week calendar commencing **Monday, September 14, 2020**. Counsel for all parties shall appear at a calendar call commencing at 10:00 A.M. on **Friday, September 11, 2020**. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida.

9.  The following pretrial deadlines are hereby **RESET** as follows:

    a.  <u>Mediation Cutoff</u> – 60 days before start of the trial's two-week calendar

    b.  <u>Mandatory Pretrial Stipulation</u> – Friday, August 28, 2020

    c.  <u>Motions in Limine</u> – Friday, August 28, 2020

    d.  <u>Responses to Motions in Limine</u> – Friday, September 4, 2020

    e.  <u>Instructions</u> – Friday, September 4, 2020

    f.  <u>Voir Dire Questions</u> – Calendar call

    g.  <u>Exhibit List for Court</u> – First day of Trial (impeachment excepted)

    h.  <u>Witness List for Court</u> – First day of Trial (impeachment excepted)

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of April, 2020.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record